GARY F. McKINLEY, J., of the Union County Common Pleas Court, sitting by assignment.

━━━━━━━

**AMBORSKI, Appellant,**

**v.**

**CITY OF TOLEDO et al., Appellees.**

[Cite as *Amborski v. Toledo* (1990), 67 Ohio App.3d 47.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–200.

Decided March 23, 1990.

*Brian J. Hoch,* for appellant.

*Ralph Lewis,* Assistant City Attorney, for appellees.

*Per Curiam.*

This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

Plaintiff-appellant, Kenneth Amborski, was employed by Walker Ambulance Service as an Advanced Emergency Medical Technician on August 24, 1986. At approximately 3:30 p.m. on that date, the Toledo Fire Department received a call requesting that rescue squad assistance be dispatched to 1407 Prospect Avenue, Toledo, Ohio. A pumper truck and a life squad vehicle, operated by the Regional Emergency Medical Services of Northwest Ohio ("REMSNO"),

were sent to the address. Reports filed by the life squad crew members indicate that when they arrived at the address, the pumper truck's crew was rendering aid to an unconscious man. The reports also stated that there were numerous people in the house and that bystanders were not very cooperative with the rescue crews.

The life squad revived the victim with an ammonia inhalant. The crew subsequently determined that the victim could be transported to a hospital by private ambulance. As a result, Walker Ambulance Service was called and appellant and his assistant, Andre Antoine, were directed to the scene. Upon their arrival, appellant and Antoine were given the victim's vital statistics by the REMSNO crew. The pumper truck and life squad vehicle then left the scene.

Appellant and Antoine placed the victim on a stretcher and attempted to move him into the Walker ambulance. At that point, appellant was assaulted by one of bystanders. Appellant suffered head injuries as a result of the assault.

On July 17, 1987, appellant filed a complaint against defendant-appellee, city of Toledo, John Doe and Margie Jordan, owner of the Prospect Street house. Appellant's complaint alleged, *inter alia*, that appellee was negligent in leaving the Prospect Street residence. Appellant asserted that appellee had a " * * * duty to remain there until the scene [was] clear * * *."

Appellee filed a motion for summary judgment on May 3, 1989. On May 19, 1989, appellant filed a motion to amend his complaint to include a cause of action based in contract law. In a judgment entry dated June 5, 1989, appellee's motion for summary judgment was granted. The trial court denied appellant's motion to amend his complaint. The judgment entry provided, in relevant part:

"The City of Toledo is statutorily immune under the facts of this cause and even under the theory of 3rd Party beneficiary of a contract between REMSNO and City of Toledo, ambulance companies and drivers or members of its crew could at the most be only incidental or an indirect beneficiary of the contract by receiving compensation for calls and runs made by the City or REMSNO."

The trial court further found that no service was made as to defendant John Doe and stated that the cause would proceed to trial against Jordan. Appellant moved to dismiss his cause of action against Jordan on June 14, 1989. The cause of action against Jordan was dismissed without prejudice by judgment entry dated June 15, 1989. Appellant timely appealed the June 5, 1989 judgment entry assigning two errors:

"I. The Trial Court Erred as a matter of law that appellee was immune from liability under the facts presented to the trial court in its consideration of Appellee's Motion for Summary Judgement [*sic*].

"II. The Trial Court erred as a matter of law when it failed to grant Appellant's Motion to Amend his complaint."

■ On a motion for summary judgment, the moving party has the burden of showing that no genuine issue exists as to any material fact and that he is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. When a summary judgment motion is made "[p]ursuant to Civ.R. 56(C), summary judgment may be granted when it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." *Adkins v. Ontario* (1983), 8 Ohio St.3d 45, 46, 8 OBR 406, 407, 457 N.E.2d 317, 318.

Appellee's motion for summary judgment was predicated upon the applicability of R.C. 2744.02. Appellee asserted that pursuant to R.C. 2744.02, it was entitled to absolute immunity from civil liability under the circumstances of the instant case.

In effect at the time of this incident, R.C. 2744.02 provides statutory immunity for political subdivisions. R.C. 2744.02(A)(1) states, in relevant part:

"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

The five exceptions enumerated in section (B) are: (1) the negligent operation of a motor vehicle by a government employee engaged within the scope of his employment; (2) negligent act of a government employee with respect to a proprietary function of the political subdivision; (3) a failure to keep public roads, sidewalks, etc. in good repair and free from nuisance; (4) negligence by a government employee that causes an injury to occur within or on the grounds of buildings used in connection with governmental functions; and (5) the liability that is expressly imposed upon the political subdivision by R.C. 2743.02 and 5591.37.

Appellant does not allege that appellee's conduct fell within any of the aforementioned exceptions. On the contrary, applying a third party beneficiary theory, appellant asserts that by drafting certain documents, appellee

"waived" its right to sovereign immunity or, alternatively, contractually created a special duty to appellant as recognized in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468.

■ We have carefully examined all documents submitted to the trial court and have determined that no genuine issue of material fact existed as to whether the documents constituted an actionable waiver of immunity or created a special duty to appellant. The sections relied upon by appellant, at most, set forth the procedures to be followed by appellee in responding to a medical emergency.

We do not dispute appellant's assertion that, if a private ambulance is called, appellee is required to "stay on the scene" until the private ambulance arrives. However, the evidence in the case *sub judice* establishes that appellee's employees were at the scene when appellant arrived. They relayed the victim's vital statistics to appellant prior to departing. The documents do not impose a requirement that appellee remain at the scene to act as an insurer of appellant's safety.

Our analysis of the public duty/special duty theory of liability set forth in *Sawicki v. Ottawa Hills, supra,* indicates that it is inapplicable to the case *sub judice.*[1] The incident analyzed by the court in *Sawicki* occurred *prior* to the effective date of R.C. 2744.02. The *Sawicki* plaintiffs sought to establish a common-law basis of liability by asserting that the municipality had a "special duty" to them. On the contrary, the incident in the case *sub judice* occurred *after* the statute's effective date. Our analysis of R.C. 2744.02 indicates that the intent of the statute was to codify the concept of sovereign immunity and, therefore, to abrogate the public duty/special duty theory of municipal liability. We find that with the exception of the five situations enumerated in R.C. 2744.02(B), appellee has blanket statutory immunity from liability for its actions on or after the effective date of the statute.

For the aforestated reasons, we find appellant's first assignment of error not well taken.

In his second assignment of error, appellant asserts that the trial court erred by failing to grant the motion to amend his complaint. Appellant sought to amend the complaint to include a third-party beneficiary contract

---

1. The public duty/special duty theory sets forth a four-part test for determining whether a special relationship exists between plaintiff and the municipality. If all four elements are present, an exception is created to the rule that the protection duties of a municipality are ordinarily owed to the public at large and not to a particular individual or class of individuals. *Sawicki v. Ottawa Hills, supra,* 37 Ohio St.3d at 231, 525 N.E.2d at 477.

theory. Appellant argues that this cause of action would have been sufficient to remove the case from the immunity protections of R.C. 2744.02.

It is well established that in order for a third party to seek enforcement of a promise ostensibly made for his benefit, it must appear that the contract was entered into directly or primarily for the benefit of the third person. See *Cleveland Metal Roofing & Ceiling Co. v. Gaspard* (1914), 89 Ohio St. 185, 106 N.E. 9. If the third person receives an incidental or an indirect benefit, that is not sufficient to provide him with a cause of action. As a result, a "stranger" may not intervene and claim the benefits of a contract between other parties. *Id.*

The contract relied upon by appellant in the instant case does not support a third-party cause of action. Appellant was merely an unintended and incidental beneficiary of the contract between appellee and REMSNO. The language of the contract indicates that its sole direct beneficiary is the public at large. Accordingly, we hold that the trial court was correct in refusing to allow appellant to amend his complaint to include a third-party beneficiary theory.

For the aforestated reasons, we find appellant's second assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., and GLASSER, J., concur.

ABOOD, J., concurs in judgment only.