**MINNICK et al., Appellants,**

**v.**

**SPRINGFIELD LOCAL SCHOOLS BOARD OF EDUCATION et al., Appellees.**

[Cite as *Minnick v. Springfield Local Schools Bd. of Edn.* (1992), 81 Ohio App.3d 545.]

Court of Appeals of Ohio,
Lucas County.

No. L-91-171.

Decided June 30, 1992.

*Edwin A. Coy,* for appellee Springfield Board of Education.

*Joseph F. Albrechta* and *James A. Brebberman,* for appellants.

*John C. Cahill,* for appellee Jearold Kidd.

---

*Per Curiam.*

This case is on appeal from the January 25, 1991 judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellees, the Springfield Local Schools Board of Education ("board") and Jearold Kidd. On appeal, appellants assert the following assignments of error:

"I. The trial court erred in granting summary judgment to defendant-appellee Jerrry [*sic*] Kidd pursuant to R.C. Section 2744.03(A)(6)(b) in that defendant failed to meet his burden of proof on wanton or reckless conduct.

"II. The trial court erred in granting defendant-appellee Jerry Kidd's motion for summary judgment on sovereign immunity as there is a genuine issue of material fact concerning whether Jerry Kidd's conduct was wanton or reckless.

"A. Defendant failed to exercise any care whatsoever.

"B. Jerry Kidd owed a duty of care to Susan Minnick.

"C. The failure occurs under circumstances in which there is a great probability that harm will result from a lack of care.

"III. The trial court erred by finding that defendant-appellee Jerry Kidd is entitled to judgment on the issue of wanton and reckless conduct as a matter of law.

"IV. The trial court erred in granting summary judgment since, by construing the facts most favorably to the non-moving party, reasonable minds could come to the conclusion that defendant-appellee's conduct was wanton or reckless.

"V. The trial court improperly placed the burden of proof on plaintiff-appellant in granting summary judgment to defendant-appellee school board.

"VI. An affirmative duty of law was violated by defendant-appellees such that the trial court improperly granted summary judgment pursuant to R.C. 2744.03(A)(5).

"VII. The trial court erred in granting summary judgment to the school board in that if the board's acts were in the exercise of judgment or discretion they were exercised in a willful and wanton manner.

"VIII. The trial court erred by determining that plaintiff's injuries were not the result of the failure to obtain a fire permit."

This case arises out of injuries suffered by appellant, Susan Minnick, during a football game at the Springfield High School. Keith Vislay, a drum major for Springfield High School, had been selected by Jearold Kidd, the Band Director for Springfield High School, to perform a fire-baton routine during the half-time performance of the band at a football game. Susan Minnick, a majorette for the visiting high school, was standing near Vislay when he attempted to light his baton. While Vislay was attempting to light his baton, a small amount of gasoline or kerosene had dripped onto the ground and was ignited. A coffee can filled with gasoline or kerosene was accidentally kicked over near the area. The gasoline or kerosene ignited and spilled onto Minnick, causing her injury.

Minnick and her parents brought suit against the board, Kidd, Vislay, and Vislay's mother, Mary Vislay. The trial court granted summary judgment in favor of the board and Kidd. The claims against the Vislays were later settled by the parties and the Vislays were dismissed with prejudice. On appeal, appellants challenge the granting of summary judgment to the board and Kidd.

In their first assignment of error, appellants acknowledge that Kidd is entitled to claim statutory immunity under the general grant of immunity in R.C. 2744.03(A)(6). However, appellants argue that one of the exceptions to

the immunity provision is applicable in this case, *i.e.,* R.C. 2744.03(A)(6)(b). This section provides, in pertinent part, that the employee of a political subdivision will not be immune from liability if his conduct was wanton or reckless. Having alleged in their complaint that Kidd's conduct was wanton and reckless, appellants argue that Kidd carried the burden to show that there was no genuine issue as to whether his conduct was wanton or reckless in order to obtain summary judgment in his favor. In addition, appellants argue that Kidd's motion for summary judgment should not have been granted when he did not set forth the applicable law, nor discuss its application to the facts of this case. Appellants also argue in their third assignment of error that a genuine issue of fact exists as to whether Kidd acted wantonly or recklessly. In their fourth assignment of error, appellants argue that the court improperly viewed the facts in favor of appellees. These assignments of error have been consolidated for our review.

Summary judgment is appropriate if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" Civ.R. 56(C).

Appellants correctly state that appellees bore the burden of proving that there was no genuine dispute as to whether Kidd's conduct was wanton or reckless in order to obtain summary judgment. See *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 800–801. We find that Kidd failed to meet this burden and, therefore, should not have had summary judgment granted in his favor.

In the case before us, Kidd asserted that he was entitled to summary judgment on the ground that he was entitled to statutory immunity. He asserted that appellants were unable to prove that Kidd acted in a wanton and reckless manner since there was undisputed evidence that Kidd told Vislay to go on with the show without the flaming baton. Both parties submitted factual evidence on this issue.

Kidd testified at his deposition as follows:

"Q. * * * Now, you told him you were going to go ahead and proceed, and he's down next to you; is that correct?

"A. Yes.

"Q. Did you talk to him in an audible tone of voice?

"A. Yes.

"Q. Okay. You could see his face when you told him that?

"A. Yes.

"Q. What was his response?

"A. There wasn't any response."

Minnick testified at her deposition that she recalled Kidd's statements to Vislay to go on with the show since he could not light the baton.

Vislay testified at his deposition as follows:

"Q. Okay. Did he say anything to you before he left you?

"A. No.

"Q. He just simply walked away when you couldn't get it lit?

"A. Yes.

" * * *

"Q. At any time prior to your getting the gasoline, did Jerry Kidd ever tell you not to light the baton?

"A. I cannot say.

"Q. I'm sorry?

"A. I do not know.

"Q. You don't have any recollection of him saying that to you?

"A. No.

"Q. Were you ever told by Mr. Kidd to put your baton down and move away and sit down and forget it?

"A. No."

The trial court considered this evidence and concluded that it was undisputed that Kidd made the statement to Vislay to proceed without the flaming baton and that Vislay continued to attempt to light the baton. The trial court concluded that because Kidd exercised some care, reasonable minds could only conclude that Kidd did not act wantonly or recklessly.

■ We find that the trial court erred in finding that there was no genuine issue as to whether some care was exercised by Kidd. The above testimonies are directly conflicting as to whether Kidd made the aforementioned state-

ment. The trial court found that Vislay never "disputed" that Kidd made this statement despite the fact that Vislay's testimony directly conflicts with Kidd's and Minnick's testimony that such a statement was made. It may be inferred that Vislay did not hear Kidd's statement or did not remember it. However, the determination of this factual issue must be resolved by the trier of fact and not by the trial court.

Furthermore, we find that the trial court utilized an improper definition of the terms "wanton" and "recklessness." In *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 559 N.E.2d 705, the Ohio Supreme Court adopted the Restatement of Torts 2d definition of "recklessness" which is as follows:

"The actor's conduct is in reckless disregard of the safety of others if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable [person] to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." 2 Restatement of the Law 2d, Torts (1965) 587, Section 500.

The *Thompson* court also indicated that it intended to have the term "recklessness" used interchangeably with "willful and wanton." *Thompson v. McNeill, supra,* at 104, 559 N.E.2d at 708, fn. 1. We interpret the *Thompson* case as making a departure from the traditional definition of these terms in personal injury cases, which was that wanton and recklessness conduct was the failure "to exercise any care whatsoever toward those to whom" a duty of care is owed and this "failure occurs under circumstances in which there is a great probability that harm will result." *Hawkins v. Ivy* (1977), 50 Ohio St.2d 114, 4 O.O.3d 243, 363 N.E.2d 367, at the syllabus. See, also, *Matkovich v. Penn Central Transp. Co.* (1982), 69 Ohio St.2d 210, 23 O.O.3d 224, 431 N.E.2d 652.[1]

Thus, even if Kidd exercised some care, the jury may consider if Kidd's total conduct was reckless or wanton.

Wherefore, we find appellants' first, third, and fourth assignments of error well taken.

In their second assignment of error, appellants argue that the trial court erred when it granted summary judgment to Kidd because there was a genuine issue of material fact, *i.e.*, whether Kidd acted in a wanton and reckless manner. More specifically, it appears that appellants are arguing

---

1. To the extent that we applied the traditional definition of the terms "willful" and "wanton" in the recent case of *Nickloy v. Bryan Motor Speedway* (June 5, 1992), Williams App. No. 91WM000006, unreported, 1992 WL 126092.

that Kidd's "act" is more than one specific "act." Rather, it was a series of acts which constituted the wanton and reckless conduct. These acts were delineated in their complaint as: (1) careless planning, organizing, and setting up of the activities; (2) careless supervision of the activity; (3) failure to provide for fire protection and other safety precautions; and (4) violating regulations, codes, statutes, and standards applicable to the school.

■ Because the trial court utilized an incorrect definition for wanton and reckless misconduct, it is difficult for us to determine whether it was considering Kidd's misconduct to be one act or a series of acts. However, we find that appellants are correct in that Kidd's entire conduct must be considered, and not just one specific act in determining whether or not his conduct was wanton and reckless. Therefore, we find appellants' second assignment of error well taken.

■ In his fifth, sixth, seventh, and eighth assignments of error, appellants argue that the trial court erred by granting summary judgment to the board. We find that the trial court improperly granted summary judgment because its legal analysis was flawed.

In their complaint, appellants alleged in the first count that both the board and Kidd owed appellants the duty to:

"(a) plan, organize, and set up school activities for students with due care, prudence and reasonableness so that they are safe and free [from] fire hazards for participants, those attending, and the public;

"(b) supervise and oversee the activities on the grounds and buildings of the school, including the stadium, to prevent fire hazards and risks;

"(c) provide premises, areas, or surroundings with adequate, reasonable and prudent fire prevention and/or personal protection equipment;

"(d) use due care and caution to prevent fires from occurring and to prevent subsequent injury to persons;

"(e) comply with all applicable statutory and regulatory requirements in conducting school activities."

It is alleged that appellees breached those duties by:

"(a) planning, organizing, and setting up the [flaming-baton routine] without due regard and in an unreasonable manner so as to enhance and create a fire hazard and an unsafe condition;

"(b) supervising and overseeing the activities in a careless and unreasonable manner;

"(c) providing premises, areas, or surrounds that lacked adequate reasonable and prudent fire protection and/or personal protective equipment;

"(d) failing to use due care and caution to prevent fire and subsequent injury once the fire was ignited;

"(e) and further by violating regulations, codes, statutes, policies and standards applicable to the Springfield Schools."

Appellants further alleged in their first count that the board and Kidd were engaged in a proprietary function pursuant to R.C. 2744.01(G)(2)(e) because of their operation of a public band and a stadium.

Appellants alleged in their second count that the board and Kidd were liable to appellants pursuant to R.C. 2744.03 because the actions of both the board and Kidd were not discretionary and such actions were wanton and reckless.

Appellants alleged in their third count that the board and Kidd acted negligently because they:

"(a) used, and stored a flammable liquid that was unsafe to persons attending or observing the performance in which he was about to engage;

"(b) failed to provide and practice reasonable and adequate fire safety measures in and around the area of his activity which he knew as to involve the use of fire;

"(c) ignited a flammable liquid in and around the presence of other observers and attendees;

"(d) failed to properly and reasonably extinguish a fire caused by him;

"(e) failed to follow applicable statutes, codes, regulations, policies and standards as are applicable to the Springfield Schools."

Appellants alleged in their fourth count that the board was liable under the doctrine of *respondeat superior* for the negligent acts of its employee Kidd and its agent Vislay pursuant to R.C. 2744.02.

Stated in more concise and appropriate legal terms, we understand appellants' complaint as alleging the following three causes of action:

1. The board is liable to appellants because of its negligent acts, which were identified in appellants' first and third counts. Appellants alleged that the board is not entitled to sovereign immunity because an exception to such immunity listed under R.C. 2744.02(B)(2) applies to the facts of this case. (This exception is premised on the assertion that the board and Kidd were conducting a proprietary rather than governmental function as defined in R.C. 2744.01.) Furthermore, appellants allege that the board cannot claim the defenses provided by R.C. 2744.03(A)(5) because the acts of the board were not discretionary actions and such actions were done wantonly and recklessly.

2. The board is liable to appellants under R.C. 2744.02(B)(4) because of the negligence of its employee Kidd, which were the same as the board's negli-

gent acts. Appellants argue that the board is not entitled to claim any of the defenses under R.C. 2744.03(A) because Kidd's actions were not discretionary and were wanton and reckless.

3. Kidd is liable to appellants because of his negligent acts, which include the same acts listed for the board. Appellants argue that Kidd as the employee of a political subdivision is not entitled to sovereign immunity under R.C. 2744.03(A)(6) because the exception under R.C. 2744.03(A)(6)(c) applies to this case, since Kidd acted in a wanton or reckless manner.

When the board moved for summary judgment on the claims against it, it asserted that it was entitled to absolute sovereign immunity for its actions. It acknowledged that it could only be held liable for the negligent conduct of Kidd pursuant to R.C. 2744.02(B)(4). However, the board asserted that it was entitled to claim immunity from that liability by virtue of the defenses set forth in R.C. 2744.03(A)(2), (3), and (5). As an alternative defense to that liability, the board argued that it was not liable because the acts of Vislay constituted superseding negligence.

Appellants responded by arguing that the school was liable because the defenses under R.C. 2744.03(A)(3) and (5) were not available since the board's and Kidd's actions were not discretionary. Appellants argue that the board, Kidd, and Vislay, violated various fire code provisions which imposed mandatory duties upon them. Furthermore, appellants argued that there was a genuine issue of fact as to whether Kidd's conduct was not necessary and essential to the exercise of his powers as a band director, and, thereby, a dispute as to whether the board could claim the defense under R.C. 2744.-03(A)(2). Finally, appellants also disputed that Vislay's conduct could be characterized as superseding negligence.

The trial court found that the board was entitled to the defenses of immunity under R.C. 2744.03(A)(3) and (5) because the alleged fire-code provisions were not applicable to the facts of this case. The trial court also found that appellant failed to show that R.C. 2744.03(A)(5) did "not apply to the Board's acts," and that Kidd's acts were wanton and reckless. Based on these findings, the trial court held that the board was immune from liability pursuant to R.C. 2744.03(A)(5).

We find that the trial court's decision is erroneous because it did not properly address the claims made in appellants' complaint and the board's motion for summary judgment. Utilizing the summary judgment standards of Civ.R. 56(C), the court should have made the following preliminary determinations:

1. Is the board engaged in a governmental or proprietary function?

2. Does one of the exceptions listed in R.C. 2744.02(B) to the general grant of sovereign immunity under R.C. 2744.02(A) apply to make the board potentially liable for its actions, as well as the negligent actions of its employee?

If the board is subject to liability, then the court has to address the issue of whether the board was entitled to one of the defenses claimed under R.C. 2744.03. In connection with the court's discussion of these defenses, it fails to distinguish between those defenses available to the board because of its actions and those defenses available to the board because of the actions of its employee.

Accordingly, we find appellant's fifth, sixth, seventh and eighth assignments of error well taken in that the grant of summary judgment in this case was based upon an inappropriate legal analysis.

Having found that the trial court committed error prejudicial to appellants, the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and SHERCK, J., concur.

GLASSER, J., dissents.

GLASSER, Judge, dissenting.

I respectfully dissent from the finding of the majority that the trial court erred in granting summary judgment in favor of appellees, the Springfield Local Schools Board of Education and Jearold Kidd.

Although Vislay denied hearing the instruction, appellant Minnick acknowledged that she heard Kidd tell Vislay to go out on the field without lighting the baton. The confirmation of this statement by the adverse party who sustained injuries in this incident eliminated any genuine issue as to whether this statement was made to Vislay by Kidd. Therefore, appellants failed to sustain their burden of showing that a genuine issue of material fact existed as to whether Kidd's actions were wanton and reckless, which is essential to this action.

Although the legal analysis of the trial court may have been "flawed" as the majority states, the ultimate decision of the trial court was correct and, therefore, appellants cannot demonstrate prejudice in this matter. In *Economy Fire & Cas. Co. v. Craft Gen. Contr., Inc.* (1982), 7 Ohio App.3d 335, 7 OBR 432, 455 N.E.2d 1037, the trial court's finding of negligence was based on an erroneous interpretation of the Revised Code. The Court of Appeals for

Franklin County, however, concluded that "[d]efendant cannot demonstrate prejudice since the trial court reached the correct decision." *Id.* at 337, 7 OBR at 434, 455 N.E.2d at 1041.

Pursuant to Civ.R. 56(C), in viewing the evidence most strongly in favor of the nonmoving party, reasonable minds could reach but one conclusion in this matter and that conclusion is adverse to the nonmoving party.

Therefore, I would affirm the trial court and find that summary judgment was appropriately granted in favor of appellees.