DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Stacy Davis, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, the City of Akron. We affirm the decision of the trial court.
 {¶ 2} Appellant filed an intentional tort claim against Appellee on October 15, 2003. Appellee filed a motion for summary judgment on August 2, 2004, claiming immunity from the intentional tort claim pursuant to R.C. 2744.01 and R.C. 2744.02. Appellant filed an opposition to Appellee's motion on August 19, 2004. The trial court granted Appellee's motion for summary judgment on November 18, 2004.
 {¶ 3} Appellant appeals the judgment of the trial court, asserting one assignment of error for our review. We note, as an initial matter, that both the Appellant and Appellee failed to comply with the Appellate Rules in their briefs. Neither party attached a copy of the judgment entry appealed from, as required by Loc.R. 7(A)(1)(d)(9)(i); neither party attached an appendix, as required by Loc.R. 7(A)(1)(d)(9), and neither party attached a reproduction of the statutes referenced as required under App.R. 17(E) and Loc.R. 7(A)(1)(d)(9)(a)(iv). Notwithstanding counsel's failure to abide by this court's rules, we will consider their arguments.
 ASSIGNMENT OF ERROR
"The trial court erred in holding that a municipality is immune from suit for a `Blankenship' type employer intentional tort pursuant to R.C. 2744.02(B)(5)."
 {¶ 4} In her only assignment of error, Appellant claims that the trial court erred in granting Appellee's motion for summary judgment. Specifically, she claims that it was in error for the trial court to have found that Appellee was immune from suit. We disagree.
 {¶ 5} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party. Civ.R. 56(C); Norris v. Ohio Std. OilCo. (1982), 70 Ohio St.2d 1, 2.
 {¶ 6} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 7} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmermanv. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 8} Appellant was employed as an Akron Police detective by the City of Akron from May of 1998 until January 16, 2003. Appellant claims that while she was working in the crime scene unit, she was exposed to a variety of toxic chemicals which caused her to suffer significant injuries, pain and suffering. Appellant maintains that the toxic chemicals and agents that she was subjected to violated the Ohio Specific Safety Requirements. Appellant filed the instant action on October 15, 2003. Appellee based its motion for summary judgment on R.C. 2744.01 and R.C. 2744.02, which provide immunity to political subdivisions. In her first assignment of error, Appellant maintains that the trial court erred in finding that Appellee was entitled to utilize R.C. Chapter 2744 as a shield to liability.
 {¶ 9} R.C. Chapter 2744 requires a three-tiered analysis to determine whether a political subdivision is immune from civil liability. Hubbardv. Canton City Sch. Bd. of Educ., 97 Ohio St.3d 451, 2002-Ohio-6718 at ¶ 10. The first tier is to determine whether a political subdivision is involved. Id. It is not contested that the City of Akron is a political subdivision, thus the first tier of the analysis is complete. R.C. 2744.01
provides a political subdivision, such as Appellee, the City of Akron, with general civil immunity. Greene Cty. Agricultural Soc'y. v. Liming
(2000), 89 Ohio St.3d 551, 556-557.
 {¶ 10} The second tier involved in analyzing whether a political subdivision is entitled to assert immunity is to determine whether any exceptions apply. R.C. 2744.02 provides a number of exceptions to the immunity granted in R.C. 2744.01. If any of the exceptions to political subdivision immunity listed in R.C. 2744.02 apply, "a consideration of the application of R.C. 2744.03 becomes relevant as the third tier of analysis." Id. It is necessary to consider the third tier of analysis and R.C. 2744.03 only if an exception to immunity is found under R.C. 2744.02. Id., See, also, Earl v. Wood Cty. Humane Soc'y, 6th Dist. No. WD-01-061, 2002-Ohio-3156, at ¶ 13; Armbruster v. West Unity Police Dep't (1998),127 Ohio App.3d 478, 480-481. "Thus, the relevant portion of the analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply." Id. at 557.
 {¶ 11} In this case, we find that Appellant has not shown that any of the exceptions to immunity under R.C. 2744.02(B) apply to her case. Appellant contends that her actions arises out of R.C. 2744.02(B)(5) which provides that "a political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]" Appellant, however, has not alleged any section of the Ohio Revised Code that imposes liability on a political subdivision for the injuries that she received. She states that under R.C. 2744.03(A)(5) that she can pursue a claim for intentional tort against the City of Akron. We disagree. As mentioned above, a consideration of the application of R.C. 2744.03
becomes relevant as the third tier of analysis only if an exception to political subdivision immunity listed in R.C. 2744.02 applies. Liming,89 Ohio St.3d 556-557; Cianciola v. City of Fairlawn, 156 Ohio App.3d 16,2004-Ohio-327, at ¶ 13.
 {¶ 12} As none of the exceptions listed in R.C. 2744.02(B) are applicable to the case sub judice, we need not proceed to the third tier of analysis. We conclude that summary judgment was properly awarded in favor of Appellee, the City of Akron. We overrule Appellant's assignment of error and affirm the decision of the Summit Count Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Batchelder, J. concur