[Cite as *Koster v. Chowdhury*, 2016-Ohio-5704.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103489**

# LAURA KOSTER

PLAINTIFF-APPELLANT

vs.

# MOHAMMED CHOWDHURY, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-836182

**BEFORE:** Stewart, J., Jones, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 8, 2016

**ATTORNEY FOR APPELLANT**

Daniel J. Myers
Myers Law, L.L.C.
600 East Granger Road, Second Floor
Cleveland, OH 44131


**ATTORNEY FOR APPELLEE**

Lucy K. O'Shaughnessy
L. O'Shaughnessy Law L.L.C.
28899 Center Ridge Road, Suite 301B
Westlake, OH 44145

MELODY J. STEWART, J.:

{¶1} In order to register as a building contractor with the city of Cleveland, the applicant must furnish a $25,000 surety bond to the city. Consistent with the city ordinances, defendant-appellee Laguna Homes, a building contractor ("contractor"), registered with the city and furnished a surety bond underwritten by defendant-appellee Western Surety Company. Plaintiff-appellant Laura Koster, a dissatisfied customer of the contractor, brought suit against the contractor and against Western Surety for recovery under the bond. Western Surety sought summary judgment on grounds that Koster had no standing to sue because the city ordinance requiring contractors to post bonds did not create an individual right of action against the bond. Koster opposed summary judgment by claiming that the city gave her direct authority to deal with the surety on her claim that she suffered damages from the contractor's alleged breach of contract and that she was an intended third-party beneficiary of the bond. The court granted summary judgment to Western Surety and provided the Civ.R. 54(B) certification that there was no just reason for delay.

**{¶2}** Cleveland Codified Ordinances 3107.02(a) states that no contractor may perform "general contracting, demolition, sewer building, plumbing, electrical, heating, ventilation, air-conditioning (HVAC) or refrigeration business" in the city unless the contractor "holds a current Certificate of Registration or Limited Certificate of Registration for the type of work to be performed."   To obtain a certificate of registration as a general contractor, the applicant must, among other things:

> (4) Furnish and file with the Director a bond in the penal sum of twenty-five thousand dollars ($25,000.00) to be approved as to form by the Director of Law, guaranteeing full and faithful compliance by the applicant with OBC and this Building Code and with pertinent rules and regulations promulgated under it, binding the surety to correct or abate any violation of OBC or this Building Code or of pertinent rules and regulations promulgated under them whenever the applicant for registration, named as the principal on the bond, refuses, neglects or fails to correct or abate the violation within a reasonable time limit set by the Director.   A general contractor who performs sewer building work or demolition work shall furnish and file a similar bond for each of those types of work[.]

Cleveland Codified Ordinances 3107.07(b)(4).[1]

**{¶3}** The contractor posted the required $25,000 bond with the city.   As relevant here, the bond states:

---

[1]Cleveland Codified Ordinances 3107.07(a)(3) sets forth a similar bond requirement for heating, ventilating or air conditioning contractors, electrical contractors, plumbing contractors, refrigeration contractors, or hydronics contractors.   The record does not disclose whether the contractor in this case was a general contractor under Section 3107.07(b)(4) or a contractor under Section 3107.07(a)(3), but the relevant sections of the ordinance are so similar as to make no difference to our disposition of this appeal.

KNOW ALL MEN BY THESE PRESENTS, THAT Laguna Homes, LLC, as principal, doing business as Laguna Homes, LLC Company, and Western Surety Company as surety are held and firmly bound unto the City of Cleveland or to any of its officers, for the use of any person, persons, firm, or corporation with whom such principal shall contract to construct, alter, repair, add to, subtract from, reconstruct or remodel any building, structure, or appurtenance thereto or any part thereof, in accordance with the provisions and requirements of the Codified Ordinances of the City of Cleveland, in the penal sum of Twenty-five Thousand Dollars ($25,000), lawful money of the United States, for the payment of which sum well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

\* \* \*

NOW, THEREFORE, if the said principal shall well and truly indemnify, keep and save harmless the City of Cleveland, or any of its agents or officials for the use of any person, persons, firm, or corporation with whom such Contractor shall contract to do work, and shall indemnify and pay any such person, persons, firm or corporation for damage sustained on account of the failure of such Contractor to perform the work so contracted for in accordance with the provisions of the Codified Ordinances of the City of Cleveland, and any and all lawful rules and regulations promulgated under the authority thereof, and from or by reason or on account of anything done in the construction, alteration, repair, addition to, subtraction from, reconstruction or remodeling of any building, structure, or appurtenance thereto or any part thereof, then this obligation shall be null and void; otherwise, to remain in full force and effect.

{¶4} A surety bond is not insurance. An insurance policy transfers risk entirely to the insurance company; the insurance company shows a profit or loss based on whether paid losses exceed the total amount of pooled premiums. A surety has no risk — it has the contractual right of indemnity against the principal for any payment made to a third party under the bond. *See Republic-Franklin Ins. Co. v. Progressive Cas. Ins. Co.*, 45 Ohio St.2d 93, 95, 341 N.E.2d 600 (1976) ("If the surety is compelled to make payment for damages caused by the principal, it has the right to seek reimbursement from the principal."). In a sense, a surety bond is a form of credit — the only risk a surety faces to its right of reimbursement is that the principal might become insolvent and unable to pay.

{¶5} The contractor license bond used in this case binds together the contractor (as the principal); the city (as the obligee); and Western Surety (as the surety). The terms of the bond state that it is to be held for the use of any person with whom the contractor shall contract to construct or remodel any building or structure in accordance with the Ohio Building Code and the city's building code. The bond is payable to the city only if the contractor fails to "indemnify and pay" any person "for damage sustained on account of the failure of such Contractor to perform the work so contracted for in accordance with the provisions of the Codified Ordinances of the City of Cleveland[.]" In other words, if the contractor fails to fulfill the bond's terms (compliance with the applicable building codes), a claim can be made on the bond as a way to gain compensation for any damages incurred for the contractor's violation of the building code.[2]

{¶6} Koster is not a party to the bond, so a question arose below as to whether she had standing to make a claim on the bond. Because the courts only have jurisdiction over "justiciable matters," Article IV, Section 4(B) of the Ohio Constitution, "standing" is the concept that a claimant has a sufficient personal stake in the litigation to obtain a judicial resolution of the controversy. *Deutsche Bank Natl. Trust Co. v. Holden*, Slip Opinion No. 2016-Ohio-4603, ¶ 20.

---

[2] The contractor license bond at issue in this case is not a "performance" bond. A contract performance bond is generally issued to ensure that the contractor "will perform the work upon the terms proposed, within the time prescribed, and in accordance with the plans and specifications, will indemnify the state against any damage that may result from any failure of the contractor to so perform[.]" R.C. 5525.16(A)(1). If the contractor fails to perform, the bond provides access to funds that can be used to pay a second contractor to finish the work.

{¶7} Koster maintained that even if not a party to the surety bond, she was a third-party beneficiary of the surety bond because the bond was intended to provide protection "for the use of any person" with whom the contractor shall contract to remodel any building or structure. She argued that the type of surety bond issued to the city protects the general public by guaranteeing that contractors will adhere to the city's building code, thus protecting consumers like her from potential financial loss.

{¶8} "[A] contract is binding only upon the parties to the contract and those in privity with them[.]" *Am. Rock Mechanics, Inc. v. Thermex Energy Corp.*, 80 Ohio App.3d 53, 58, 608 N.E.2d 830 (8th Dist.1992). In order for a third person to enforce a promise made for that person's benefit, it must appear that the contract was made and entered into directly or primarily for the benefit of such third person. *Royal Indemn. Co. v. N. Ohio Granite & Stone Co.*, 100 Ohio St. 373, 126 N.E. 405 (1919).

{¶9} Western Surety cites *Soltesz v. Dicamillo*, 8th Dist. Cuyahoga No. 69048, 1996 Ohio App. LEXIS 494 (Feb. 15, 1996), as authority for its proposition that a member of the public is not a third-party beneficiary of a contractor licensing bond. *Soltesz* involved the botched installation of a residential driveway — drainpipes beneath the new concrete driveway were improperly installed and sealed, causing water problems in an adjacent house. Soltesz demanded that the city reimburse him under a contractor licensing bond that the cement contractor issued to the city. The city cited the cement contractor for a building code violation and notified the surety that the homeowner made a claim on the bond. The surety refused to pay, so Soltesz brought suit against it as a third-party beneficiary of the contractor licensing bond.

{¶10} On appeal from summary judgment issued to the surety, this court held that Soltesz failed to offer any law in support of his theory that he was a third-party beneficiary of the contractor licensing bond. Citing *Amborski v. Toledo*, 67 Ohio App.3d 47, 585 N.E.2d 974 (6th Dist.1990), this court held that the promises made by the cement contractor in the contractor license — that it would comply with the city's ordinances and building codes — provided Soltesz with only an "indirect benefit." *Soltesz* at *31. We found that neither the cement contractor nor the surety "had an intent to benefit [Soltesz] when the bond was executed." *Id.*

{¶11} *Soltesz* did not quote the applicable bond language, so reliance on that case for the broad proposition that persons cannot claim under a contractor's license bond is misplaced.

{¶12} A surety bond is a form of contract, and we construe its terms like any other contract. *O'Brien v. Ravenswood Apts., Ltd.*, 169 Ohio App.3d 233, 2006-Ohio-5264, 862 N.E.2d 549, ¶ 23 (1st Dist.)  The "intent of the parties is presumed to reside in the language they chose to use in their agreement." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996).

{¶13} The parties intended that the bond issued by Western Surety  benefit the city residents aggrieved by a licensed contractor.  This intent is shown by language stating that the bond is to be held for the use of *any person* with whom the contractor shall contract to construct or remodel any building or structure in accordance with the Ohio Building Code and the city's building code.  This language shows that the city's bonding requirement for the licensing of contractors is meant to protect the public in the event a contractor fails to comply with applicable building codes and causes financial harm.  *Watson v. Harmon*, 280 S.C. 214, 224, 312 S.E.2d 8 (App.1984).

**{¶14}** It is true that the bond is payable to the city, but that fact does not detract from the bond language stating it is meant to indemnify "persons," not just the city. Western Surety gives no reason why we should think that the city would have an independent claim for indemnification under the bond for a contractor's violations of its building code. To accept Western Surety's argument is to ignore the bond language making the bond payable to "persons." Western Surety maintains that the "any person" language does not clearly indicate an intent to benefit a homeowner, but no other intent can be implied from the language. If the parties intended that only the city could claim under the bond, they would have omitted the words "any person" from the bond to achieve that result. That the words "any person" are in the bond underscores the intent to benefit homeowners.

**{¶15}** Koster also offered evidence to show that the city of Cleveland understood that the contractor license bond was intended to benefit those harmed by a contractor's work: an assistant law director for the city sent Western Surety an email that authorized counsel for Koster "to communicate and deal with you regarding the above-referenced bond claim."

**{¶16}** Western Surety disputed that the email message assigned the city's cause of action on the bond to Koster. We agree that the email did not assign the city's claim, but that fact does not support Western Surety in this appeal. The city could streamline a claim by authorizing Koster's attorney to deal directly with Western Surety on the bond claim. We view the email as the city's acknowledgment that the contractor's license bond was meant for the benefit and protection of city homeowners with claims that licensed contractors violated the city's building code. The assignment of error is sustained.

**{¶17}** Reversed and remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR