SMITH, Admr., et al., Appellants,

v.

MINNICK et al., Appellees.

[Cite as *Smith v. Minnick* (1990), 68 Ohio App.3d 619.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–126.

Decided July 13, 1990.

*Gregory L. Arnold* and *Mark A. Robinson,* for appellants.

*Ralph J. Lewis,* for appellees.

*Per Curiam.*

This matter is before the court on appeal from a decision of the Lucas County Court of Common Pleas entered on March 29, 1990, granting defendant-appellee city of Toledo's motion to dismiss pursuant to Civ.R. 12(B)(6).

The pertinent facts of this case are as follows. On December 9, 1988, a fire broke out at 818 Lagrange Street, Toledo, Ohio, in which Anthony J. Smith II, died and his father, appellant herein, was injured. Prior to the fire, and as a result of numerous complaints, Toledo had inspected the subject premises and determined that it was uninhabitable, whereupon all the residents of 818 Lagrange Street were ordered to vacate, and the property owner was ordered to make repairs, including the installation of nine smoke detectors. Upon the completion of some of the repairs, the residents reentered the building, but the nine smoke detectors had not been installed.

On December 28, 1989, Toledo was added as a defendant in the wrongful death and survivorship action originally brought against the property owner

and his spouse. On January 11, 1990, Toledo filed a motion to dismiss based on sovereign immunity and pursuant to Civ.R. 12(B)(6). On March 29, 1990, Toledo's motion was granted. It is the granting of that motion from which this appeal is taken.

Appellant asserts the following assignment of error:

"The trial court erred when it granted the defendant-appellee city of Toledo's motion to dismiss on the basis of sovereign immunity pursuant to Ohio Revised Code Chapter 2744.01 *et seq.*"

The standard to be met in supporting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is well settled. The Supreme Court of Ohio has stated that:

"In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. \* \* \* Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery. \* \* \*." (Citations omitted.) *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756.

In this case, appellant asserts that the acts of Toledo resulted in a "special relationship" between the city and residents of 818 Lagrange Street and that this relationship in itself is an exception to a defense of sovereign immunity. As such, appellant maintains Toledo's motion should not have been granted. We disagree.

The history of the sovereign immunity of political subdivisions in Ohio has been guided by common law for most of the state's existence. However, on November 20, 1985, the Political Subdivision Tort Liability Act became effective. R.C. Chapter 2744. This act was the legislature's response to almost the total abrogation of municipal immunity by the Supreme Court of Ohio. *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St.3d 31, 6 OBR 53, 451 N.E.2d 228; *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749.

Under R.C. 2744.02, functions of political subdivisions are classified as either "governmental" or "proprietary." The section goes on to say that:

"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

R.C. 2744.01 provides the definitions of "governmental" and "proprietary" functions. Division (C)(1) of that section states that a " 'governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section * * *." Division (C)(2) states that "a governmental function" includes, but is not limited to the following:

"(p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures[.]"

The original Act, as adopted, included the current sections 2744.01(C)(2)(p) and 2744.02. Section eight of that bill states:

"SECTION 8. This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reason for such necessity is that the protections afforded to political subdivisions and employees of political subdivisions by this act are urgently needed in order to ensure the continued orderly operation of local governments and the continued ability of local governments to provide public peace, health, and safety services to their residents. Therefore, this act shall go into immediate effect."

Consequently, it is apparent that the original Act as adopted is intended to offer political subdivisions a general grant of immunity from tort liability under most circumstances.

Recently, this court determined that, in light of the intent of the legislature in enacting R.C. Chapter 2744, liability will be imposed on a political subdivision in only the five sets of circumstances listed in R.C. 2744.02(B), *Amborski v. Toledo* (1990), 67 Ohio App.3d 47, 585 N.E.2d 974.

In *Amborski*, this court expressly stated that although the Supreme Court of Ohio, in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, established a four-part test for determining if a "special duty" is imposed upon a political subdivision as a result of the acts of that political subdivision, that test applies to causes of action arising prior to the effective date of R.C. Chapter 2744. In addition, this court stated that the *Sawicki* test does not apply to causes of action arising after that date.

In the case at bar, the cause of action arose out of the December 9, 1988 fire, which was after November 20, 1985, and the "special duty" test does not apply. Further, Toledo did not have liability imposed upon it by R.C. 2744.-

02(A)(1) to (5) and, therefore, although possibly negligent, Toledo is not liable in tort due to its sovereign immunity.

As appellant could show no set of circumstances which would warrant a recovery in this case, appellant's single assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal assessed against appellant.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.

ABOOD, J., concurs in judgment only.