**TRUTZA et al., Appellants,**

v.

**CITY OF CLEVELAND, Appellee.**

[Cite as *Trutza v. Cleveland* (1995), 102 Ohio App.3d 371.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66949.

Decided April 3, 1995.

*Weisman, Goldberg & Weisman Co., L.P.A.,* and *Laurence J. Powers,* for appellant.

*Sharon Sobol Jordon,* Director of Law, and *Ronald A. Mingus,* for appellee.

HARPER, Presiding Judge.

Appellants, John and Pauline Trutza, appeal from the summary judgment granted in favor of appellee, the city of Cleveland, by the Cuyahoga County Court of Common Pleas. For the reasons set forth below, we affirm.

I

John Trutza testified that on March 29, 1991, at approximately 11:00 a.m., he was attempting to deliver subpoenas on behalf of his wife. After several failed attempts to locate the addresses of the persons on whom he was trying to serve the subpoenas, he decided to seek assistance from a firehouse located at 24525 Rocky River Drive in Cleveland, Ohio, owned by the city.

Trutza parked his car on a side street next to the firehouse and walked toward two front doors of the building. He heard firefighters talking and laughing. He proceeded to the side of the station, walked through an unlocked but closed metal gate and went into the station through an unlocked side door. There is a doorbell located in the front of the firehouse by its two main front doors. He did not ring the door bell. He also did not enter through the two main front doors. Trutza testified that as he walked inside the station he noticed it was dimly lit. He entered without knocking at the closed side door. He walked down the hallway and came across a five-and-one-half-inch riser which connected the hallway floors to the adjacent apparatus room floor. He could not see properly so he put his hand against the wall to feel his way through the firehouse. He admitted having a history of eye problems and that he had surgery on both eyes prior to the accident.

As he walked to the end of the hallway, he stumbled and fell over a step separating the gray terrazzo hallway from the bright red firehouse floor. He sustained a broken hip in the fall.

Trutza admitted he did not notice that the floor of the firehouse is different in color from the hallway he had walked down. He also did not see the step prior to stepping off it, because he was looking at the fire engine. The step in question was neither defective nor concealed.

Captain Zavesky of the Cleveland Fire Department testified that Trutza came into the firehouse from the door that is normally locked for security purposes to keep out intruders. Four firefighters were living at the firehouse on the day in question. Trutza fell on the bright red firehouse floor less than ten feet from a bedroom.

According to Captain Zavesky, Trutza is the only person known to have ever fallen at the area where his injury occurred. He was not invited to the firehouse, nor was he given permission to enter the firehouse. He went to the firehouse only to ask for directions.

## II

Appellants assign the following errors for review:

"I. The trial court erred in granting the defendant-appellee's motion for summary judgment because municipal immunity does not apply to the case *sub judice.*

"II. The trial court erred in granting the defendant-appellee's motion for summary judgment because reasonable minds could differ as to the following genuine issues of material fact:

"A. Whether the plaintiff's legal status while inside the defendant-appellee's premises was that of an anticipated licensee, a bare licensee or a·trespasser.

"B. Whether the defendant breached its duty owed to the plaintiff-appellant:

"1. If plaintiff's legal status was that of an anticipated licensee.

"2. If plaintiff's legal status was that of a bare licensee.

"C. Whether the plaintiff was contributorily negligent, and whether the alleged contributory negligence outweighed that of the defendant-appellee."

Appellants in their two assignments present two notable arguments in their challenge to the summary judgment, which we shall treat together.

Appellants argue that the city is not immune from liability pursuant to R.C. 2744.02(B)(4), which holds municipalities liable for injury, death or loss to persons or property that is caused by the negligence of their employee and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function. While we agree that R.C. 2744.02(B)(4) so provides, its application by appellants is misplaced. Before a municipality can

be held liable for injury, death or loss to persons or property due to the negligence of its employees, the party seeking damages must establish *negligence*.

We also reject the city's argument that it is immune from liability because the firehouse is not in the same class of buildings as other office buildings and courthouses. This argument is proffered for the simple reason that some parts of the firehouse are used as sleeping areas for some firemen on duty. For its authority the city cited this court's decision in *McCloud v. Nimmer* (1991), 72 Ohio App.3d 533, 539, 595 N.E.2d 492, 496. We cannot understand how the city could conveniently ignore the unconfusing plain writing of the statute which specifically includes "buildings that are used in connection with the performance of a governmental function," R.C. 2744.02(B)(4), as those subject to liability. If any building is connected with the performance of a governmental function, it is the firehouse. It is so even if the mayor of the city or the governor of the state, in addition to its function as a firehouse, turns it into their residential home. Accordingly, the city has no blanket immunity from liability for any injury caused by its negligence in a firehouse because firemen live in the house.

Having rejected the two arguments on the application of R.C. 2744.02(A)(1) and 2744.02(B)(4), we turn to the real issue presented by this appeal, which is whether the city was negligent. The law of negligence has remained that a party seeking to recover damages must show a duty, the breach of such duty, the proximate cause of the injury, and that plaintiff sustained an injury. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532; *Di Gildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732.

What duty is then owed Trutza? The classification of the duty owed to a party entering into another's premises depends on the purpose for which the visit is premised. Thus, the highest degree of care is reserved for an invitee to a premises. An invitee is defined as a person rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 551 N.E.2d 1257; *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 68, 28 OBR 165, 167, 502 N.E.2d 611, 613–614. The invitation could be express or implied. *Scheibel v. Lipton* (1961), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453. In the case of an invitee, the premises owner's duty by law is to exercise ordinary care and protect the invitee by maintaining the premises in a safe condition. *Presley v. Norwood* (1976), 36 Ohio St.2d 29, 31, 65 O.O.2d 129, 130, 303 N.E.2d 81, 83–84.

In the instant case, the record is clear, contrary to appellants' contention, that Trutza was not an invitee. Trutza went to the firehouse not for any civic

duty which by implication could classify him as an invitee. Instead, Trutza went into the firehouse purposely for his own benefit, which was to seek direction from any available fireman, an obvious function not designated as part of fire fighting. So at best, Trutza is a licensee. We classify him as a licensee for the simple fact that there are certain expectations and anticipations that a citizen can walk into certain public buildings where certain public functions are performed without the necessity of an invitation, and not be called a trespasser. We think that a public firehouse can be one of those buildings. However, the degree of expectation or anticipation that can change the status of a licensee to that of an invitee will depend on the facts of the particular case.

█ Also, the record reveals that the city did not have any sign forbidding people from entering into the firehouse. By such conduct, the city has by implication granted permission or at the least acquiesced even if Trutza entered for his own pleasure or benefit. See *Provencher, supra*. He was a licensee. The duty owed to a licensee is limited to refraining from wantonly or willfully causing injury to him and no more. There is no duty to warn or protect. *Fuehrer v. Westerville City School Dist. Bd. of Edn.* (1991), 61 Ohio St.3d 201, 204, 574 N.E.2d 448, 450–451; *Hannan v. Ehrlich* (1921), 102 Ohio St. 176, 131 N.E. 504.

█ In the instant case, Trutza has failed to show that the city wantonly or willfully created any risk that caused his injury. As a matter of fact, Trutza testified that he fell while looking at the fire engine and also that he did not see the marked lines on the floor as he walked. The step upon which he fell was not defective. We cannot fault the city for Trutza's conduct, nor can we create an exception to the city's duty because Trutza suffered an unfortunate injury for which we extend our sympathy. "Under Ohio law, the existence of duty depends on the foreseeability of the injury." *Littleton v. Good Samaritan Hosp. & Health Ctr.* (1988), 39 Ohio St.3d 86, 529 N.E.2d 449; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710; *Gedeon v. E. Ohio Gas Co.* (1934), 128 Ohio St. 335, 190 N.E. 924.

█ After a careful review of the facts and circumstances of this case, we conclude that it is not foreseeable that a licensee would enter the firehouse through a wrong door, and fail to ring the door bell that was visible. It is also not foreseeable that a party would fail to properly observe his movements in an unfamiliar environment in which he finds himself, and trip and injure himself on a step that is not defective. Trutza's injury is, therefore, not foreseeable.

█ Appellants also argue that it is an issue of fact whether Trutza's negligence was greater than the negligence of the city. We agree that where the issue of duty and its breach are firmly established, the issue of comparative

negligence arguably comes within the domain of the jury. See *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 645, 597 N.E.2d 504, 507. However, in the instant case, our failure to find a breach of duty by the city renders the issue of comparative negligence moot and unwarranted.

Civ.R. 56(C) provides in pertinent part as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The law of summary judgment is settled in Ohio. A court cannot grant summary judgment unless it is established that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to only one conclusion when such evidence is viewed most strongly in favor of the nonmovant and the conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. The possibility of granting the motion for summary judgment forces the nonmoving party to produce sufficient evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. See, also, *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068. Thus, to overcome a motion for summary judgment, the nonmoving party must present specific facts and not unsupported allegations or blind reliance upon the pleadings, unless the pleadings are such that no further evidence is necessary to warrant a denial of the motion. *Klesch v. Reid* (1994), 95 Ohio App.3d 664, 643 N.E.2d 571; *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. See, also, *Siegler v. Batdorff* (1979), 63 Ohio App.2d 76, 17 O.O.3d 260, 408 N.E.2d 1383.

After reviewing the entire record, we find that appellants have failed to present a convincing legal argument establishing a breach of duty by the city. Summary judgment is warranted in a negligence action where duty and breach thereof is not established on the record by the plaintiff. Accordingly, we overrule appellants' assignments of error and affirm the trial court's decision.

*Judgment affirmed.*

NUGENT and PORTER, JJ., concur.