**SUDNIK, Appellant,**

v.

**CRIMI et al., Appellees.**

[Cite as *Sudnik v. Crimi* (1997), 117 Ohio App.3d 394.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70520.

Decided Jan. 6, 1997.

*David J. Rossi Co., L.P.A.,* and *David J. Rossi,* for appellant.

*Kitchen, Deery & Barnhouse Co., L.P.A.,* and *William F. Schmitz,* for appellees.

TIMOTHY E. MCMONAGLE, Judge.

This court is asked to decide whether defendants-appellees, the city of Mayfield Heights and its housing inspector, Dominic Celico (collectively "appellees" or individually as "city" or "Celico"), are liable to plaintiff-appellant, Ann Sudnik ("appellant"), as a result of a point-of-sale inspection required by the city and conducted by Celico. For the reasons that follow, we find that there is no such liability and affirm the decision of the Cuyahoga County Common Pleas Court that granted appellees' motion to dismiss.

The record reflects that before appellant purchased a home in Mayfield Heights from Angelo and Carol Crimi, Celico conducted an inspection of the home as required by the city. As a result of this inspection, Celico noted several building code violations, whereupon he instructed that funds be placed in escrow until the violations were corrected. Nonetheless, appellant eventually purchased

the home. Shortly after taking possession, appellant discovered several defects above and beyond those identified by Celico. As a result, she instituted the present action against the former owners, the realtor, and the realtor's agent, as well as appellees. Appellant alleges in her complaint that appellees are liable to her because Celico conducted his inspection negligently, recklessly, in bad faith, and with complete disregard for her safety.

Appellees moved to dismiss appellant's claims against them based on the doctrine of sovereign immunity as set forth in the Political Subdivision Tort Liability Act, codified at R.C. 2744.01 *et seq.* The trial court granted this motion. Appellant, who had previously dismissed her claims against the realtor and the realtor's agent, proceeded to trial against the former owners only. At trial, the jury entered a verdict in appellant's favor and awarded her $30,410.00.

Appellant timely appeals the dismissal of her claims against appellees and assigns the following error for our review:

"The trial court erred to the prejudice of plaintiff-appellant Ann Sudnik by granting defendants-appellees motion to dismiss."

In reviewing a motion to dismiss predicated on Civ.R. 12(B)(6), this court must accept as true the factual allegations of the complaint, and any reasonable inferences drawn therefrom must be construed in favor of the nonmoving party.[1] It must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery.[2]

In this case, appellant contends that the doctrine of sovereign immunity does not insulate a political subdivision or its employee from liability during the employee's performance of a point-of-sale inspection when the employee's acts or omissions are reckless, malicious, or in bad faith. Appellees maintain, on the other hand, that the provision of inspectional services is a governmental function for which they are immune from liability. They further argue on appeal that they owe no duty to appellant.

The thrust of appellees' duty argument is that they owe no duty to appellant because the municipal ordinance requiring point-of-sale inspections was enacted to maintain housing standards and not to establish a duty to any particular resident. In support of their argument, they rely on *Delman v. Cleveland Hts.*,[3]

---

1. *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182, 184; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756; *Thompson v. Cent. Ohio Cellular, Inc.* (1994), 93 Ohio App.3d 530, 538, 639 N.E.2d 462, 467.

2. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

3. *Delman v. Cleveland Hts.* (1989), 41 Ohio St.3d 1, 534 N.E.2d 835.

which held that a municipality and its employees owe no duty of care to a purchaser or seller when conducting point-of-sale inspections pursuant to municipal ordinance. In reaching its decision, the *Delman* court relied on the public duty doctrine, which implies that a housing inspector's duty is to the public and, therefore, any failure to discharge that duty generally results in a public injury, not an individual one, in the absence of a special duty or relationship between the housing inspector and the private individual. According to this doctrine, a municipality could be liable if a plaintiff is able to satisfy the special duty test set forth in *Sawicki v. Ottawa Hills.* [4]

The public duty rule as it applies to municipalities, however, has been superseded by the enactment of the Political Subdivision Tort Liability Act, codified at R.C. Chapter 2744 *et seq.*[5] Enacted in response to the judicial abrogation of common-law sovereign immunity,[6] the General Assembly determined that immediate legislative action was necessary in order to preserve the "public peace, health, and safety" and stated [7]:

"The reason for such necessity is that the protections afforded to political subdivisions and employees of political subdivisions by this act are urgently needed in order to ensure the continued orderly operation of local governments and the continued ability of local governments to provide public peace, health, and safety services to their residents. "

Subject to five limited exceptions, the Act shields from liability a political subdivision and its employees for acts or omissions related to a governmental function.[8] Included as a governmental function is the provision of inspection services.[9]

---

4. *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468.

5. See *Colling v. Franklin Cty. Children Serv.* (1993), 89 Ohio App.3d 245, 253, 624 N.E.2d 230, 235–236; *Amborski v. Toledo* (1990), 67 Ohio App.3d 47, 585 N.E.2d 974; *Smith v. Minnick* (1990), 68 Ohio App.3d 619, 589 N.E.2d 409; *Soltesz v. DiCamillo* (Feb. 15, 1996), Cuyahoga App. No. 69048, unreported, 1996 WL 65871.

6. See *Franks v. Lopez* (1994), 69 Ohio St.3d 345, 347, 632 N.E.2d 502, 504.

7. Am.Sub.H.B. No. 176, Section 8.

8. R.C. 2744.02(A)(1) provides:
"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, * * * or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

9. R.C. 2744.01(C)(2)(p) includes as a governmental function "[t]he provision * * * of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes."

The five statutory exceptions are set forth in R.C. 2744.02(B), of which appellant relies on subdivision (B)(5). This exception provides that a political subdivision can be liable for injury or loss when liability is expressly imposed upon the political subdivision by a section of the Revised Code.[10]

Appellant maintains that the section that imposes liability upon appellees is R.C. 2744.03(A)(6)(b), which provides:

"[T]he employee is immune from liability unless one of the following applies:

"* * *

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

Before addressing whether this section falls within the exception provided by R.C. 2744.02(B)(5), it is necessary to point out that R.C. 2744.03(A)(6)(b) is not relevant to appellant's claims against the city. To the contrary, this subsection removes from immunity the acts or omissions of *employees* of political subdivisions. By its very terms, subsection (A)(6) applies only to individual employees and not to political subdivisions [11] and, therefore, has no effect on the alleged liability of the city. Because appellant has not demonstrated any other section potentially relevant to imposing liability on the city, the city possesses immunity with regard to appellant's claims against it. . What remains to be determined is whether this subsection imposes liability upon Celico in his individual capacity.

The statutory framework of R.C. Chapter 2744 compels this court to conclude that R.C. 2744.03(A)(6)(b) does not impose liability upon Celico. As discussed above, R.C. 2744.02(A) grants a political subdivision and its employees immunity for the provision of inspection services by virtue of R.C. 2744.01(C)(2)(p). This immunity can be removed only if one of the five narrowly defined exceptions set forth in R.C. 2744.02(B) is applicable. Once immunity is removed, a political subdivision can assert the defenses listed in R.C. 2744.03(A) to restore immunity. With the exception of R.C. 2744.03(A)(6)(c),[12] these defenses do not, however,

---

**10.** R.C. 2744.02(B)(5) provides:

"In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, * * * or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue or be sued."

**11.** *Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351, 355–356, 639 N.E.2d 31, 34–36.

**12.** This subsection removes immunity for an employee where "[l]iability is expressly imposed upon the employee by a section of the Revised Code."

afford an independent basis from which to impose liability so as to come within the exception contained in R.C. 2744.02(B)(5).[13]   To the contrary, the defenses and immunities provided in R.C. 2744.03(A) become relevant only once an exception to immunity applies.[14]

Because appellant cannot demonstrate that any section of the Ohio Revised Code specifically imposes liability upon appellees while performing their point-of-sale inspection for the residence ultimately purchased by appellant, appellant fails to satisfy the exception provided in R.C. 2744.02(B)(5).   Consequently, the immunity provided by R.C. 2744.02(A) applies, and the trial court correctly granted appellees' motion dismissing appellant's claims against them.

Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

MATIA, P.J., and O'DONNELL, J., concur.

---

**13.**   See, *e.g., Farra v. Dayton* (1989), 62 Ohio App.3d 487, 496–497, 576 N.E.2d 807, 813; but, cf. *Brkic v. Cleveland* (1995), 100 Ohio App.3d 282, 287, 653 N.E.2d 1225, 1228–1229.

**14.**   *Farra, supra,* 62 Ohio App.3d at 497, 576 N.E.2d at 813.