JOURNAL ENTRY AND OPINION
During a routine security inspection of the residential premises owned at the time by Horace Shepard in the Village of Gates Mills, Dion Howells, a Gates Mills police officer, slipped and fell on the exterior stone front steps, sustaining bodily injuries. Howells filed this action for money damages against Shepard, joined with a derivative claim for lost consortium by wife Carey Howells. The trial court granted summary judgment in favor of Shepard, and the Howells' appeal contends that the court erred in granting Shepard a summary judgment. Because we find no error in the granting of summary judgment, we affirm.
According to the evidentiary materials submitted below, it is the practice of the Gates Mills police department to conduct, as time allows, daily security "hand checks" of Gates Mills homes if the homeowner has informed the department that the owner will be out of town for a period of time. During daylight hours, officers walk the perimeter of the house, checking that the residence is secure and looking for any signs of an unauthorized entry.
Howells, a Gates Mills police officer since 1981, reported for duty at 3:00 p.m. on October 14, 1997. One of Howells' assignments that day included inspecting the Shepard home. Howells estimated he had inspected the Shepard property hundreds of times before. Howells arrived at the Shepard property some time after 5:00 p.m. to make a hand check. Howells described the weather conditions as sunny, clear, and dry.
After checking the back of the residence, Howells walked around to the front of the property to check the front door. As he prepared to descend several stone steps to return to his patrol car, Howells' foot went out from beneath him, causing him to fall straight down on his back and land on his handcuffs. Howells acknowledged that during prior inspections of the Shepard property, he had seen a sign warning that the area was slippery. Howells could not recall whether the sign said, "Very Slick," and did not notice whether the sign was posted on the date of this incident.
For his part, Shepard testified he owned the Gates Mills property from 1971 until 1998. Following his retirement in 1977, Shepard generally resided at his Georgia residence during the winter months and returned to the Gates Mills property during the summer months. Shepard was away from the Gates Mills property when Officer Howells conducted his security hand check on October 14, 1997. Shepard stated that the Gates Mills property was "properly maintained continually" and he was unaware of anyone who had ever slipped or fallen on the front steps. Shepard explained that his late wife had placed a sign next to the steps "[b]ecause she thought that when weather conditions contributed to water on the surface, * * * it would be advisable to ask people to be careful when they walked on the terrace."
In his motion for summary judgment, Shepard asserted that he did not violate a duty of care to Howells. In response, Howells argued that he was an "invitee," as opposed to a mere "licensee," and that issues of fact existed in any event as to whether Shepard violated his duty of care to Howells as either an invitee or as a licensee. The trial court ruled that irrespective of whether Howells was considered a "licensee" or an "invitee," Shepard was entitled to summary judgment as a matter of law because Shepard had posted a sign warning that the steps could be slippery.
Howells' appeal presents three related assignments of error, which we will address together:
 I. THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR [SIC] DEFENDANT-APPELLEE.
II. THIS CASE PRESENTS DISPUTED ISSUES OF MATERIAL FACT.
 III. THE TRIAL COURT FAILED TO APPLY THE PROPER LEGAL DUTY OF CARE TO DEFENDANT-APPELLEE.
The assignments of error are not well taken.
To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. The moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421,430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also,Mitseff v. Wheeler (1988), 38 Ohio St.3d 112. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56(C). See Lee v. Sunnyside Honda
(1998), 128 Ohio App.3d 657, 660; N. Coast Cable L.P. v. Hanneman
(1994), 98 Ohio App.3d 434, 440.
Under Ohio law, the legal duty owed to a person who enters upon the land of another generally depends on whether the person is a trespasser, a licensee, or an invitee. See Gladon v. GreaterCleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315;id. at 322 (Nader, J., concurring in judgment only); Shump v.First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414,417; Trutza v. Cleveland (1995), 102 Ohio App.3d 371, 375. Police officers and firefighters, however, do not always fit neatly into these traditional common-law entrant classifications. See Hack v.Gillespie (1996), 74 Ohio St.3d 362, 365-366. Prior decisions applying what has come to be known as the "Fireman's Rule" variously characterized such persons as "licensees" or "invitees," with varying results.
In Scheurer v. Trustees of Open Bible Church (1963), 175 Ohio St. 163, the court held that a policeman entering upon privately owned premises in the performance of his official duty without an express or implied invitation was a licensee. Id., syllabus at para. 1. Under Ohio's traditional classification, a "licensee" is a person who enters the premises of another by permission or acquiescence for his own pleasure or benefit and not by invitation. See Provencher v. Ohio Dept. of Transp. (1990),49 Ohio St.3d 265, 266; Light v. Ohio University (1986), 28 Ohio St.3d 66. The licensee takes his license subject to its attendant perils and risks; the property owner is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly or willfully causing injury. Light v. Ohio University,supra; Hannan v. Ehrlich (1921), 102 Ohio St. 176, syllabus at para. 4. Consistent with that standard, the Scheurer court held:
 Where a policeman enters upon private premises in the performance of his official duties under authority of law and is injured, there is no liability where the owner of the premises was not guilty of any willful or wanton misconduct or affirmative act of negligence; there was no hidden trap or violation of a duty prescribed by statute or ordinance (for the benefit of the policeman) concerning the condition of the premises; and the owner did not know of the policeman's presence on the premises and had no opportunity to warn him of the danger.
Scheurer, supra, syllabus at para. 2.
In Brady v. Consolidated Rail Corp. (1988), 35 Ohio St.3d 161, by contrast, the court distinguished Scheurer and held that a police officer who enters upon privately owned land in the performance of his official duty and suffers harm due to a condition of a part of the land held open to the public is an invitee in the same manner as other private citizens lawfully using such land. Id., syllabus at para. 1. Under the traditional classifications, an "invitee" is a person who rightfully comes upon the premises by invitation, express or implied, for some purpose which is beneficial to the owner. See Light v. OhioUniversity, supra; Scheibel v. Lipton (1951), 156 Ohio St. 308. The landowner's duty to the invitee is to exercise ordinary care and maintain the premises in a reasonably safe condition. SeeLight v. Ohio University, supra; Presley v. Norwood (1973),36 Ohio St.2d 29, 31. The landowner is not required to protect an invitee from dangers which are known or obvious. See Paschal v.Rite Aid Pharmacy (1985), 18 Ohio St.3d 203.
In Hack v. Gillespie (1996), 74 Ohio St.3d 362, the court reexamined the "Fireman's Rule" and explained that the rule is properly grounded not so much on traditional common-law entrant classifications but rather on policy considerations. The Hack
court observed:
 [T]his court has, previously, determined that the duty of care owed by a landowner to a fire fighter (or police officer) stems from common-law entrant classifications, i.e., licensees or invitees. However, Ohio's Fireman's Rule is more properly
grounded on policy considerations, not artificially imputed common-law entrant classifications. Indeed, persons such as fire fighters or police officers who enter land pursuant to a legal privilege or in the performance of their public duty do not fit neatly, if ever, into common-law entrant classifications.
Hack v. Gillespie, 74 Ohio St.3d at 365-366 (emphasis in original; footnotes omitted). Pointedly refraining from characterizing such personnel by these traditional classifications or applying the body of law otherwise applicable to such classifications, the Hack court reformulated the rule articulated previously in Scheurer and declared in its syllabus:
 An owner or occupier of private property can be liable to a fire fighter or police officer who enters premises and is injured in the performance of his or her official job duties if (1) the injury was caused by the owner's or occupier's willful or wanton misconduct or affirmative act of negligence; (2) the injury was a result of a hidden trap on the premises; (3) the injury was caused by the owner's or occupier's violation of a duty imposed by statute or ordinance enacted for the benefit of fire fighters or police officers; or (4) the owner or occupier was aware of the fire fighter's or police officer's presence on the premises, but failed to warn them of any known, hidden danger thereon. Scheurer v. Trustees of Open Bible Church
[1963], 175 Ohio St. 163, paragraph two of the syllabus, followed.)
In the case at bar, Howells urges that he should be classified as an "invitee" because Shepard was aware of the Gates Mills police department practice under which officers conducted daily security checks on the premises. After Hack, we do not believe such classifications are particularly helpful when analyzing whether the property owner may be liable for injuries. Construing the facts most strongly in Howells' favor, however, we will accept that Shepard was aware that Gates Mills police officers would be on his premises. But even after accepting that premise, we cannot find that there was any genuine issue of material fact as to whether Shepard failed to warn them of "any known, hidden danger" on his stone steps.
Howells did not present any evidence to dispute Shepard's claim that he generally maintained the premises in a reasonably safe condition. Howells also did not dispute Shepard's assertion that he was unaware that anyone else ever slipped or fell on these steps. While Howells presented evidence by other Gates Mills officers who said they had slipped on the property, that evidence did not create an issue of material fact because (1) Howells' evidence did not show that anyone slipped or fell where Howells fell and before Howells fell, so those incidents were not relevant; and (2) none of the other incidents was reported to Shepard in any event.[1] Consequently, Howells did not show that there existed a known or hidden danger on the Shepard premises.
More importantly, Howells does not dispute that Shepard had posted a warning sign which indicated that the steps could be slippery. Howells was aware of the sign because he had inspected the Shepard premises hundreds of times before this incident and had seen the sign during those inspections. There accordingly is no factual dispute on whether Shepard provided a warning.
Howells argues that the rule stated in Hack v. Gillespie
applies only to emergency situations when police officers or firefighters enter on premises other than by invitation. Howells maintains that because this was not an emergency and Shepard was aware Gates Mills police officers would be routinely on his property pursuant to department practice, this case is distinguishable from Hack. But, as Shepard's counsel orally argued, Hack did specifically address this circumstance by recognizing, in its fourth alternative, that premises liability may attach if the owner or occupier was aware of the officer's presence on the premises but failed to warn of any known, hidden dangers. While Shepard was aware Gates Mills officers would be on his property, Howells did not show a material factual dispute to show Shepard failed to warn of known, hidden dangers.
Howells does not contend that Shepard engaged in willful or wanton misconduct or an affirmative act of negligence, nor does he contend that his injury was the result of a hidden trap on the premises. See Hack v. Gillespie, 74 Ohio St.3d at 368-369. Howells also made no showing that his injury was caused by Shepard's violation of a duty imposed by statute or ordinance enacted for the benefit of fire fighters or police officers. While Howells asserts that Shepard violated the Gates Mills building code by failing to keep his premises free of nuisance or any object, material or condition creating a health, accident or fire hazard, Howells did not show that those code provisions were for the benefit of police officers or firefighters; thus they could not furnish grounds for liability against Shepard. See Hackv. Gillespie, 74 Ohio St.3d at 369. Moreover, Shepard was not cited nor determined to have violated these building code provisions. Accordingly, Howells did not establish any genuine issue of material fact to deny Shepard judgment as a matter of law.
Because Shepard established his grounds for summary judgment and Howells' evidence did not establish any genuine issue of material fact, the trial court correctly granted Shepard a summary judgment. Howells' assignments of error are therefore overruled, and the judgment is affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADM. J., CONCURS; JAMES D. SWEENEY, J., CONCURSIN JUDGMENT ONLY.
 ________________________ DIANE KARPINSKI, JUDGE
[1] At oral argument, Howells' counsel insisted that police chief LoBello testified in deposition that he fell on the steps where Howells fell and that LoBello reported his own fall to Shepard and his staff before Howells' incident. But LoBello's deposition reflects that while he did slip on the walkway between the stairs and the front door (LoBello Depo. at 10-11), he also testified that: (1) he did not slip on the steps, where Howells' incident occurred (LoBello Depo. at 29); (2) he could not recall whether his incident was before or after Howells' incident (LoBello Depo. at 13-14); (3) he did not report his incident to Shepard or his staff (LoBello Depo. at 12); and (4) he did not speak with Shepard about the condition of the property until after Howells' incident (LoBello Depo. at 20-21). LoBello's testimony, therefore, did not create a material factual dispute.