JOURNAL ENTRY AND OPINION
The appellant, Lillie Gates Hewlett, appeals the decision of the trial court granting summary judgment in favor of the appellees, Friends of Shaker Square, the City of Cleveland and its employee, David Ware. For the reasons set forth below, we affirm the decision of the trial court.
In 1995, the appellant purchased a home from the appellee, Friends of Shaker Square (FOSS), a non-profit organization now known as Shaker Square Area Development Corp. As part of the purchase agreement, the appellant was to receive a grant for renovation work to restore the purchased property located at 2629 East 121stStreet, Cleveland, Ohio. The house had originally been purchased by FOSS at a HUD foreclosure sale for $22,000.00. FOSS then contracted with Gentry Brothers Construction to perform the rehab work on the home before the appellant would take possession.
As part of the rehab work, the appellee, City of Cleveland, issued FOSS a grant of $3,500.00 from the Community Development Department Division of Rehabilitation and Conservation for the sole purpose of painting the exterior of the home.
The appellant alleges that the actions of the City of Cleveland and FOSS precluded her from being able to obtain the benefits of tax abatement. The allegations maintained that FOSS hired a contractor who failed to pull the required permits prior to the appellant taking possession of the home. The appellant further contends that the City's failure to police all aspects of the renovation, including whether or not the proper permits were pulled, kept her from receiving $750 a year in tax abatement.
Additionally, the appellant contends that the actions of Dave Ware, the City of Cleveland Painting Inspector, constituted fraudulent misrepresentation. Mr. Ware's presence at the home was due to the fact the City had funded the painting of the house; therefore, an inspector from the City was required to inspect the job performance. The appellant maintains that Mr. Ware held himself out as a full inspector and that she relied on his statements that the house was in appropriate condition.
Subsequent to the execution of the purchase agreement, the appellant inspected the property and completed a progress inspection report. After the appellant took possession of the home, she noticed several defects that were not noticeable earlier since the windows had been boarded up at the time. The appellant maintains that there are major defects in the home, including cracks in the walls and ceilings, electrical problems, a wet basement, and the presence of asbestos.
Appellant's first assignment of error states:
 I. THE LOWER COURT ERRED WHEN IT GRANTED DEFENDANT FRIENDS OF SHAKER SQUARE'S MOTION FOR SUMMARY JUDGMENT.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704.
Civ.R. 56(C) concerns summary judgment and provides in part:
* * *
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in pertinent part:
* * *
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is no genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988),35 Ohio St.3d 45, 517 N.E.2d 904; Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64, 375 N.E.2d 46. In Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264, the court stated:
 A party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.
* * *
 If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In appellant's first assignment of error, she contends that the trial court improperly granted FOSS's motion for summary judgment. Her allegations center around the failure of FOSS to properly pull the necessary work permits which caused the appellant to lose out on a ten year property tax abatement. The appellant further alleged that FOSS falsely signed the residential disclosure statement indicating that they were not aware of the presence of any asbestos in the home, nor of any water in the basement.
Initially, this court finds that the appellant's assignment as it discusses FOSS's failure to pull the necessary permits is not to be reviewed by this court. "Ohio law is clear that questions not raised and determined in the court below cannot be considered by a reviewing court." Dickman v. Dickman (October 17, 1985), Shelby App. No. 17-84-3, unreported, 1985 Ohio App. LEXIS 9103, at 3, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207; Goldberg v. Indust. Comm. (1936),131 Ohio St. 399; Republic Steel Corp. v. Board (1963), 175 Ohio St. 179, syllabus.
In the appellant's lower court complaint, there was no contention that FOSS failed to obtain the necessary permits and that the direct consequence of this failure resulted in the appellant losing ten years of tax abatement. The allegations regarding the failure to pull the necessary permits as stated in the complaint related solely to the contractors, Gentry Brothers, who were dismissed from the complaint by the trial court.
The only remaining allegation relates to FOSS's failure to disclose water problems in the basement. Since the purchase of the home was completed under an "as-is" contract, the rules of caveat emptor must apply. This court has discussed the issue of caveat emptor in Jenkins v. Kollar et al (April 27, 2000), Cuyahoga App. No. 76049, unreported, 2000 Ohio App. LEXIS 1851. In Jenkins, the court cited Layman v. Binns (1988), 35 Ohio St.3d 176, where the Ohio Supreme Court considered a claim of a purchaser that the failure to disclose a bowed wall constituted fraudulent concealment. In Layman, the court noted:
 The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor.* * *
Additionally, in Tipton v. Nuzum (1992, 84 Ohio App.3d 33, a case regarding alleged water seepage into the basement, the court found:
 Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises.
 Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, * * * or (2) seek the advice of someone with sufficient knowledge to appraise the defect.
In the case at bar, the appellant stated in a deposition that she went to the house with a friend who was in fact a contractor. She further stated that her friend remained in the basement and told her that the basement had water problems. Although the woman she was working with from FOSS gave her a reasonable explanation for the water, the appellant was at that time put on notice about the situation; however, she chose not to take any action to inquire further. Consequently, the appellant's first assignment of error is without merit.
 II. THE LOWER COURT ERRED IN GRANTING THE CITY OF CLEVELAND AND DAVID WARE'S MOTION FOR SUMMARY JUDGMENT.
The City of Cleveland maintains that the actions of the City and Mr. Ware fall under the protection of sovereign immunity as set forth in R.C. 2744.
Under R.C. 2744.02, a political subdivision can be found liable for the negligent acts of its employees if they are committed during the performance of a proprietary function. If the action is that of a governmental function, the City is given total immunity unless one of the exceptions in R.C. 2744.02(B) applies.
Section 2744 states in pertinent part:
R.C. 2744.02(A)(1):
 For the purpose of this chapter, the functions of political subdivisions are hereby classified as governmental functions. Except as provided in division (B) of this section, a political subdivision is not liable for damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. Governmental Function is broadly defined under R.C.
2744.01(C)(1) to include: A function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 (a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 (b) A function that is for the common good of all citizens of the state;
 (c) A function that promotes or preserves the public peace, health, safety or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.
R.C. 2744.01(C)(2) defines governmental function to include inter alia:
 (p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the connection with buildings or structures;
 (q) Urban renewal projects and the elimination of slum conditions.
Under R.C. 2744.03(B)(5), the employee is immune from liability unless one of the following applies:
 (b) His acts or omissions were with malicious purpose, in bad faith or in a wanton or reckless manner.
Courts have noted the broad language of R.C. 2744 in establishing what is and is not a governmental function. In the specific area of inspections, as in the case at bar, this court has determined that a plain reading of 2744.01(C)(2) indicates that the legislature intended for all inspections conducted by the city to be considered a governmental function. Butler v. Jordan (Aug. 12, 1999), Cuyahoga App. No. 74509, unreported, 1999 Ohio App. LEXIS 3695.
This court has seen fit to find additionally that the statutory language is broad enough to include the inspection, or lack thereof, in connection with a low-interest loan. Coleman v. Degray et al. (Dec. 7, 2000) Cuyahoga App. No. 76934, unreported, 2000 Ohio App. LEXIS 5716, at 5.
In Sudnik v. Crimi et al. (1996), 117 Ohio App.3d 394; 690 N.E.2d 925, this court dealt with the actions of the city of Mayfield Heights and its housing inspector, Dominic Celico, in regard to the appellant's purchase of a home and the subsequent housing inspection. In this case, the appellant had Mr. Celico inspect the home as required by the city code. During the inspection, Mr. Celico noted several building violations and required that money be put into an escrow account to pay for the costs of the repairs. After that time, the appellant found additional problems and instituted an action against the city and Mr. Celico claiming that the inspection was conducted negligently, recklessly, in bad faith, and with complete disregard for her safety. Id.
The court determined that there was no evidence showing that the inspector's actions were reckless or wanton. In addition, the court found that the appellant failed to satisfy the exceptions provided and, therefore, the city's immunity was not lost because an inspection is a governmental function.
In the case at bar, the appellant has failed to present sufficient evidence that the city's employee, Mr. Ware, acted in a way that was fraudulent, reckless, or wanton. The appellant alleged that she assumed that Mr. Ware was the housing inspector, that she asked him about the condition of the house and relied on his input that the house was in good condition. The appellant further stated in her deposition that she and Mr. Ware walked around the outside of the house and that, at that time, she had still not been allowed inside the house. A form was then filled out concerning the work completed thus far, and both Mr. Ware and the appellant signed the paper. The form that Mr. Ware filled out and signed related to the inspection of the exterior of the home. Mr. Ware was there on the City's behalf as their painting inspector only since the City had given FOSS a grant to paint the exterior of the home. The actions of Mr. Ware cannot be seen as fraudulent or reckless as his role was that of a government employee performing a governmental function.
Appellant's claim against the appellees, City of Cleveland and its employee, David Ware, fails as a matter of law pursuant to R.C. 2744. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND LAWRENCE GREY*, J., CONCUR.
* SITTING BY ASSIGNMENT: JUDGE LAWRENCE GREY, RETIRED, OF THE FOURTH APPELLATE DISTRICT.