JOURNAL ENTRY AND OPINION
The appellants, Dariun Sims and his mother and next friend, Sharon Sims, appeal the decision of the trial court in granting of the appellees' 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. For the reasons set forth below, we reverse the decision of the trial court and remand for further proceedings.
The facts as found in the appellants' complaint allege that on May 15, 2000, Dariun Sims, age 12, was on the playground of the Cleveland Municipal District's Adlai Stevenson Elementary School in Cuyahoga County, Ohio. While on the playground during recess, Dariun was confronted by a group of children who began to "fake wrestle" with him. The complaint further alleged Dariun was seriously and permanently injured as a result of these wrestling moves.
The appellants further alleged that the appellees were negligent, careless, and reckless in their supervision of the playground, students and the playground activities and in hiring and training the appellee, John Doe, to properly supervise the students during recess, and that as a direct, proximate and foreseeable result of the negligence, carelessness, and recklessness of the appellees, Dariun suffered severe and permanent bodily injuries.
On March 30, 2001, the appellees filed a motion to dismiss for failure to state claim upon which relief may be granted. On May 16, 2001, the trial court granted the appellees' motion and dismissed the appellants' case.
The appellants filed timely notice of appeal and assert the following assignment of error:
 "I. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS PURSUANT TO OHIO CIVIL RULE 12(B)(6)."
A motion to dismiss for failure to state a claim upon which relief may be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 605 N.E.2d 378. In order for a court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242,327 N.E.2d 1098, syllabus. The trial court is bound to construe all of the factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber
(1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing Mitchell v. LawsonMilk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. This means the court may not dismiss a complaint because of its doubts as to whether or not the plaintiff may win on the merits. Slife v. Kundtz Properties
(1974), 40 Ohio App.2d 179, 318 N.E.2d 577, paragraph four of the syllabus. However, while the factual allegations of the complaint are taken as true, the same cannot be found for unsupported conclusions. "Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss. * * *" Stateex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324.
Appellants' first assignment of error maintains the trial court failed to properly apply the statutes regarding immunity for political subdivisions and further maintains the appellees are liable for the actions of their teachers under the listed exceptions to immunity. The appellees maintain that none of the statutorily-provided immunity exceptions apply, including R.C. 2744.02(B)(4), which they view as limited solely to the maintenance of school buildings and grounds.
Pursuant to Chapter 2744 of the revised code, political subdivisions and their employees are granted immunity from civil liability for acts or the failure to act if found to be related to a governmental function. Sudnik v. Crimi (1997), 117 Ohio App.3d 394, 397. "The immunity provided to a political subdivision and its employees by R.C. 2744.02(A)(1) is broad, subject to the specific exceptions enumerated under subsection (B) or as qualified under R.C. 2744.03."Carrington v. Cleveland Bd. of Educ. (Dec. 9, 1999), Cuyahoga App. No. 74624, unreported, 1999 Ohio App. LEXIS 5895, at 12, citing Wilson v.Stark City Dept. of Human Serv. (1994), 70 Ohio St.3d 450; Sudnik,117 Ohio App.3d at 397-398. Under R.C. 2744.01(F), public schools are expressly included in the statutory definition of a political subdivision. This section states in pertinent part:
"`Political subdivision' or `subdivision' means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. * * *"
As a political subdivision, the appellees are protected from liability unless the actions plead to in appellants' complaint remove the appellees' immunity through one of the listed exceptions under R.C. 2744.
The appellants assert their cause of action under subsection 2744.02(B)(4). R.C. 2744.02 states in relevant part:
"(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions.
"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
* * *
"(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
R.C. 2744.03(A)(6) also defines certain exceptions to the immunity provisions found under R.C. 2744. The relevant subsection to the case sub judice is R.C. 2744.03(A)(6)(b), which provides:
"(6) In addition to any immunity of defense referred to in division (A)(7) of this action and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:
* * *
"(b) His acts or omissions were with malicious purpose, in bad faith, or in wanton or reckless manner."
A review of Ohio law reveals that there is a split of authority regarding this issue. In Marcum v. Talawanda City Schools
(1996), 108 Ohio App.3d 412, a student brought suit against his school district from an alleged assault by other students. The victim in Marcum
argued that the school and teacher were negligent in their supervision of the other students. That court found the exception to liability under 2744.02(B)(4) to be applicable to the case.
Following the same logic of the court in Marcum, the court in Williams v. Columbus Bd. of Educ. (1992), 82 Ohio App.3d 18, was presented with a student who was assaulted both physically and sexually by three other students. The court determined that the injury occurred in the school building, which is a building connected with the performance of a governmental function; therefore, it fell within the meaning and application of 2744.02(B)(4).
In Gehring v. Tuscarawas Valley Local School (Oct. 8, 1998), Tuscarawas App. No. 97 AP 100063, unreported, 1998 Ohio App. LEXIS 5230, the court was presented with a plaintiff who relied on the advice of a school employee which resulted in the loss of a college athletic scholarship. The court found that since the appellee had alleged in her complaint that the injury occurred at school and was the result of negligent advice given by one of the school's employees, there were sufficient allegations to withstand a motion to dismiss. In addition, the complaint further alleged the school board, as an agency, acted in wanton and reckless manner by hiring the school employee. Therefore, the stated claim against the school board was not precluded by R.C. 2744.
Other Ohio courts have construed the terms of 2744.02(B)(4) in a more strict interpretation and determined that this exception applies only to injury resulting from the maintenance or failure to maintain a governmental property. See, Workman v. Franklin Cty. (August 28, 2001), Franklin App. No. 00AP-1449, unreported; Doe v. Jefferson AreaLocal School Dist. (1994), 97 Ohio App.3d 11; Zellman v. Kenston Bd. ofEduc. (1991) 71 Ohio App.3d 287.
This court has reviewed similar situations under the guise of negligent supervision. In Limerick v. Euclid Bd. of Educ. (1990),69 Ohio App.3d 807, this court found that the school district possessed no legal duty to the appellants to ensure that the appellant child had obtained a school medical coverage form prior to practicing with the football team. Since there was no legal duty, the appellants were precluded from asserting any liability for negligence. Therefore 2744.02(B)(4) was not applicable. However, in Carrington v. ClevelandBd. of Educ. (Dec. 9, 1999), Cuyahoga App. No. 74624, unreported, 1999 Ohio App. LEXIS 5895, this court dealt with an action against a school district claiming that the school district was not immune from liability and that the actions of the teacher constituted negligent, wanton, or reckless conduct. In Carrington, the appellant's child died when a teacher failed to seek medical attention for the child, who had been diagnosed with sickle cell anemia at birth. The appellant argued that the teacher's failure to seek immediate medical attention when the child began showing symptoms of an illness subsequently lead to the child's death.
While discussing other districts' differing opinions on this topic, this court noted that "this court has not so limited the imposition of liability provided by R.C. 2744.02(B)(4) only to injury proximately caused by a physical defect. See Trutza v. Cleveland (1995),102 Ohio App.3d 371, 374-375, 657 N.E.2d 327." Id. at 13-14. This court then concluded that since the appellant had alleged negligence on the part of the teacher's actions or inactions, the exception to immunity provided by R.C. 2744.02(B)(4) applied to the facts in Carrington. Id. at 14. While this court later affirmed the trial court's granting of the school board's motion for summary judgment on the appellant's failure to establish a prima facie claim for negligence, our current analysis need not extend that far. Our review in the instant case extends only as far as the complaint and not beyond that, as in Carrington.
In the case sub judice, the appellants maintain in their complaint that the incident occurred on school grounds, the actions or omissions of the appellees constituted malicious behavior, and the appellees' failure to act resulted in harm to the minor child. Since the complaint properly alleges facts which would render the appellees liable under an exception to R.C. 2744, the appellants' claim is not precluded from the public schools' general grant of immunity.
Therefore, in following our decision in Carrington, the trial court erred in dismissing the appellants' complaint for failure to state a claim upon which relief may be granted.
Judgment reversed and remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.